|                     |                     |
|---------------------|---------------------|
| Dora Derouin        |                     |
| vs.                 | Eq. No. 11496.      |
| Lydia Cormier Roberge |                   |

September 22, 1933.

CHURCHILL, J. Heard on allowance of claim of Lydia C. Roberge.

The respondent has filed a claim against the trust fund in the sum of $16,900. It is made up of the following items: wages, $9,000; loans, $7,000; personal use $900. The latter item the respondent charged herself with having received from the trust fund and now prays that it may be allowed.

A: *Wages.*

This item is for wages claimed to have been earned as a housekeeper and for other services performed from 1918 until the time of the death of Fr. Roberge. During the greater part of that time Fr. Roberge was conducting

a business for the sale of religious articles. For a time this business was a profitable one and the respondent assisted in conducting it.

She testified that Fr. Roberge told her that he would reward her for what she had done for him; that he frequently stated to her that " 'if I make a success (of the business) I will reward you. When I die I will leave it to you if I have any money or acquired goods.' * * * He left a will in my favor in which he stated that he would give me all his property only because of the faithfulness and the services I rendered him during his lifetime." This testimony is corroborated by the language of the will which was put in evidence.

When the trust of the proceeds of the life insurance policies was created, it was at a time when creditors were plessing Fr. Roberge. In view of the circumstances and the testimony above recited, it is quite clear that Fr. Roberge in creating the trust for the benefit of creditors did not intend that the proceeds of the life insurance policies or any part of them should go to the respondent. She was to be provided for from another source and I find that she so understood the arrangement:

B: *Advances.*

Respondent testified that she had advanced $7,000 over a period of eight years and that this amount came from money received monthly from the Government of the United States at the rate of $57.50. The circumstances under which the alleged advances were made are left extremely vague by the testimony, as is also the question as to whether or not the advances were of such a character and made under such circumstances as to create a legal liability on the part of Fr. Roberge to repay. However this may be, it cannot be said in the light of the testimony that Fr. Roberge intended to repay the respondent out of the proceeds of the life insurance policies when he made the trust. From all the testimony it is clear that whatever was due the respondent was to be repaid from a source other than the two insurance policies.

C: *$900 for personal use.*

Just what this item represents was not made clear by the evidence, nor what the character of the item was, nor how such debt was created. In the absence of sufficient testimony, it must therefore be disallowed.

The claim of the respondent in the sum of $16,900 is hereby disallowed.

For complainant: Messrs. Kennedy & Greene.

For respondent: Edward F. Dwyer, Esq., Eugene Jalbert, Esq., Messrs. Archambault & Archambault, Valmore M. Carignan, Esq., H. A. Roberge, Esq., E. J. Daignault, Esq., John A. Tillinghast, Esq., Samuel H. Brenner, Esq., Messrs. O'Brien, Corrigan & Boyle.